# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MICHAEL GRAHAM**                                                    **PETITIONER**

### No. 2:25-cv-00240 BSM/PSH

**C. HUMPHREY, WARDEN**                                              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Michael Graham ("Graham") filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 2, 2025. Doc. No. 1. Graham

does not challenge his convictions.[1] *See* Doc. No. 1.  Instead, he alleges the Bureau of Prisons ("BOP") is failing to properly calculate his First Step Act ("FSA") earned time credits.  Graham stands convicted of two crimes, one of which (conspiracy to distribute controlled substances) is a qualifying crime for FSA purposes.  That is, Graham would be eligible to earn FSA credits were this his only conviction.  The second crime (carrying a firearm during or in relation to a drug trafficking crime) is not a qualifying crime for FSA purposes.  Graham's argument is straightforward – the BOP should apply FSA credits for the first crime and should not aggregate the two crimes, thus rendering him ineligible for any FSA credits.  Any argument for separate treatment of the sentences must be squared with the language of 18 U.S.C. § 3584(c), enacted in 1984 and providing that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See also Sok v. Eishen*, 2023 WL 5282709 (8th Cir.).

Respondent C. Humphrey ("Humphrey") contends Graham is not entitled to First Step Act credits due to the proper aggregation of his two sentences.  However, before addressing the merits of this claim the undersigned must consider

---

[1] Graham pled guilty and was sentenced in 2020 to 120 months' imprisonment by the United States District Court for the Southern District of Indiana for conspiracy to distribute controlled substances and carrying a firearm during or in relation to a drug trafficking crime.

Humphrey's assertion that Graham has not exhausted his available administrative remedies. Graham was notified by Court Order dated January 7 of his opportunity to address the issue of exhaustion. Doc. No. 4. He has not responded.

*Exhaustion of Administrative Remedies*

The prior submission of disputes to an administrative agency is "common to our law." *See Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). The practice promotes and permits the following:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*See Id.* The proper exhaustion of remedies means using all of the steps the administrative agency provides and doing so properly. *See Woodford v. Ngo*, 548 U.S. 81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).

The BOP has a four-step administrative grievance process.[2] The petitioner challenging his entitlement to FSA programming credits must first use the process,

---

[2] The BOP's four-step administrative grievance process is as follows:
> (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. 542.13–542.18.

and use it completely, before moving on to federal court. *See Orasco v. Yates*, No. 2:22-cv-00156-BSM-ERE, 2002 WL 18027627 (E.D. Ark. Dec. 12, 2022), report and recommendation adopted, No. 2:22- cv-00156-BSM, 2022 WL 18027631 (E.D. Ark. Dec. 30, 2022); *Adams v. Hendrix*, No. 2:19-cv-00038-KGB-BD, 2019 WL 7631401 (E.D. Ark. May 20, 2019), report and recommendation adopted, No. 2:19-cv-00038-KGB, 2020 WL 365417 (E.D. Ark. Jan. 22, 2020). Once the petitioner arrives in federal court, it must be determined whether he used the process completely; if he did so, only then may his claim be considered on the merits. *See Terry v. Dycus*, No. 2:19-cv-00134-DPM-JTR, 2020 WL 8182183 (E.D. Ark. Dec. 11, 2020), report and recommendation adopted, No. 2:19-cv-00134-DPM, 2021 WL 149268 (E.D. Ark. Jan. 15, 2021).

Humphrey has submitted a declaration from Joshua Sutton ("Sutton"), BOP Administrative Remedy Coordinator at FCC Forrest City, detailing Graham's administrative efforts. Doc. No. 3-3. Sutton indicates Graham has filed three administrative complaints during his time of federal incarceration, only one of which dealt with the issue now raised in this habeas petition -- on January 5, 2023, Graham filed a BP-9 requesting he be reconsidered for FSA eligibility. The BP-9 was denied, and Graham failed to file a BP-10 and BP-11. Doc. No. 3-3, pages 3-4, 24.

---

*See Orasco v. Yates*, No. 2:22-cv-00156-BSM-ERE, 2002 WL 18027627, 3 (E.D. Ark. Dec. 12, 2022), report and recommendation adopted, No. 2:22-cv-00156-BSM, 2022 WL 18027631 (E.D. Ark. Dec. 30, 2022).

Graham did not respond to the Court's January 7 Order inviting him to address the exhaustion issue. He did, however, contend in his petition that his failure to fully exhaust his administrative remedies should be overlooked because his challenge to the BOP's policies is a *categorical* claim turning on statutory interpretation and therefore not meaningfully addressed in the administrative setting. He also states that time is of the essence.[3] According to Graham, these factors make it futile for him to engage fully the administrative process.

Graham has not exhausted his administrative remedies. And he does not show it would be futile to do so. Graham's citation of the Tenth Circuit case of *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010), is not persuasive. *Garza* has never been cited by the Eighth Circuit Court of Appeals and does not carve out a categorical exception to the requirement that a prisoner fully exhaust his administrative remedies. *See, e.g, Ordonez v. Garrett*, 2024 WL 4665180 (E.D. Ark. Nov. 4, 2024) (challenges to BOP regulations and policies must first be exhausted administratively).

Graham bore the responsibility of *fully* utilizing the administrative remedies available to him. Here, he has not used the process completely, having neglected to proceed through the third and fourth steps in the grievance hierarchy. As a result,

---

[3] Graham's release date of November 16, 2026, does not suggest he is without adequate time to seek administrative relief. *See www.bop.gov/inmateloc/. Cf. Pillow v. Bureau of Prisons*, 2022 WL 13892877 (E.D. Ark. Oct. 21, 2022) (futile to seek administrative relief when the petitioner's projected release date is two weeks away).

the undersigned recommends entry of an order finding Graham has not exhausted his remedies and dismissing this petition without prejudice.

IT IS SO RECOMMENDED this 24th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE